IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW MORA,

    Plaintiff,

    v.                                                   No. CIV 14-0265 JB/GBW

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will require Plaintiff to file an amended complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the Bernalillo County Metropolitan Detention Center ("BCMDC") as Defendant and alleges that "Defendants stripped the Plaintiff naked, confined him in a cell with another inmate. . . , taunt[ed] and mock[ed] Plaintiff with graphic sexual innuendos . . . [, and] refused to allow him to shower for multiple days." Plaintiff also alleges he was denied recreation and was punished for seeking medical attention. He asserts claims of sexual harassment, cruel and unusual punishment, and retaliation. The complaint seeks damages.

The Court notes that an attachment to the complaint identifies a number of individuals but does not name any of them as Defendants. The Court of Appeals for the Tenth Circuit has stated that "to present a plausible right to relief . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Plaintiff's complaint does not enable the Court to identify individuals at the detention center that Plaintiff intends to sue. *See Richards v. Bellmon*, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991) ("Although *pro se* pleadings should be liberally construed, it is not 'the

proper function of the district court to assume the role of advocate for the *pro se* litigant.' ") (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)).  Nor can officers of the Court fulfill their obligation under 28 U.S.C. § 1915(d) to serve process on any Defendant. Plaintiff will be allowed time to submit factual allegations against individual Defendants at BCMDC.  Failure to comply with this Order may result in dismissal of this action.

IT IS THEREFORE ORDERED that, within twenty-one (21) days from entry of this Order, Plaintiff may file an amended complaint with specific allegations against individual(s) who committed the asserted constitutional violations against him; and the Clerk is directed to send a form § 1983 complaint to Plaintiff.

_____
GREGORY B. WORMUTH
United States Magistrate Judge