### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

MATTHEW R. MORA,

    Plaintiff,

vs.                                                                                                     No. CIV 14-265 JB/GBW

BERNALILLO COUNTY
METROPOLITAN DETENTION
CENTER; SERGEANT C. OWENS and
SERGEANT C. GRIEGO,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure on the Prisoner's Civil Rights Complaint, filed December 23, 2014 (Doc. 14)("Complaint"). Plaintiff Matthew R. Mora appears pro se and is proceeding in forma pauperis. The primary issues are: (i) whether the Complaint's Claim I, which alleges that Defendant Sergeant C. Owens and Defendant Sergeant C. Griego stripped Mora naked and made graphic sexual comments to him, states a claim for sexual harassment; (ii) whether the Complaint's Claim II, which alleges that Owens and Griego refused Mora access to various necessities and to requested medical attention, states a claim for cruel and unusual punishment; and (iii) whether the Complaint's Claim III, which alleges that Owens and Griego refused Mora access to medical attention in response to his exercise of a protected right, states a claim for retaliation. After carefully reviewing the Complaint's allegations, the Court will allow Claim I and Claim II to proceed, and will dismiss Claim III.

### FACTUAL AND PROCEDURAL BACKGROUND

The Complaint's factual allegations are as follows. Mora alleges that, on February 2, 2014, during his incarceration at Bernalillo County Metropolitan Detention Center in Albuquerque, New

Mexico, Defendants Owens and Griego placed him in the "Pac 2" unit where they stripped him and another inmate, Randall Parker, naked, and then taunted, mocked, and subjected them to "graphic" and "disgusting" sexual comments. Complaint at 2-3. Mora alleges that this incident "went on for over a week." Complaint at 6. Mora asserts that he was "treated worse than an animal," and that this incident was dehumanizing, embarrassing, and traumatic. Complaint at 6. Mora further alleges that he was "not given a shower for multiple days nor let out for exercise" and that Owens and Griego refused him use of the telephone. Complaint at 2-3. Finally, Mora alleges that he "asked C. Owens and C. Griego to see the doctor at PSU," but that Owens and Griego refused him medical attention as "punish[ment]" for "exercising a protected right." Complaint at 3. Proceeding under 42 U.S.C. § 1983, Mora asserts claims for (i) sexual harassment; (ii) cruel and unusual punishment; and (iii) retaliation. See Complaint at 2-3.

## LAW REGARDING IN FORMA PAUPERIS COMPLAINTS

The Court has discretion to dismiss an in forma pauperis complaint sua sponte pursuant to § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also has discretion to dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). To survive dismissal under rule 12(b)(6), a plaintiff must allege sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In the

context of a pro se complaint, the Court applies the same legal standards that apply to pleadings that counsel draft, but liberally construes the complaint's allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.).  The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(Briscoe, J.)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)(McKay, J.)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient.  Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face.  See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.)(emphasis omitted).  The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(citations omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

Although affirmative defenses must generally be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions.  First, a defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense -- the courts handle these cases differently than other motions to dismiss.  See Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)); Robbins v. Oklahoma, 519 F.3d at 1247.  Second, the defendant can raise the defense

- 4 -

on a motion to dismiss where the facts establishing the affirmative defense are apparent on the face of the complaint. See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)(Hill, J.)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim.  If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").  The defense of limitations is the affirmative defense that the complaint's uncontroverted facts is most likely to establish.  See 5 Charles Alan Wright et al., Federal Practice & Procedure: Civil § 1277, at 643 (3d ed. 2004).  If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6).  See Rohner v. Union P. R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955)(Wallace, J.); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945)(Phillips, J.); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

    The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute.  The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion.  Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(Major, J.)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense).  It appears that, from case law in several Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by refraining from pleading specific or identifiable dates.  See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007)(Niemeyer, J.); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(Ripple, J.).  Although the Tenth Circuit has not squarely addressed this practice, the Court has permitted this practice.  See Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d

1188 (D.N.M. 2014)(Browning, J.).

## ANALYSIS

The Court's analysis proceeds as follows. First, the Court concludes that Claim I states a plausible claim for sexual harassment under the Eighth Amendment to the Constitution of the United States of America. Second, the Court concludes that Claim II states a plausible claim for cruel and unusual punishment under the Eighth Amendment. Third, and finally, the Court concludes that Claim III does not state a plausible claim for retaliation. Accordingly, the Court will allow Claim I and Claim II to proceed, and will dismiss Claim III.

### I.     MORA STATES A PLAUSIBLE CLAIM FOR SEXUAL HARASSMENT.

Claim I alleges that on February 2, 2014, Griego stripped Mora naked and confined him to a cell in Pac 2 with Parker, another inmate. See Complaint at 3. Then, Claim I alleges, Owens and Griego made "disgusting sexual comments" to Mora and Parker. Complaint at 3. According to the Complaint, this incident "went on for over a week." Complaint at 6. Mora asserts that he was "treated worse than an animal," and that this incident was dehumanizing, embarrassing, and traumatic. Complaint at 6. On the Complaint's face, these facts state a plausible claim for relief under 42 U.S.C. § 1983.

Section 1983 "imposes liability on anyone who, under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution and laws." Blessing v. Freestone, 520 U.S. 329, 340 (1997)(internal quotation marks omitted). The Supreme Court has held that this provision protects "certain rights conferred by federal statutes." Blessing v. Freestone, 520 U.S. at 340 (citing Maine v. Thiboutot, 448 U.S. 1, 5 (1980)). Standing alone, however, § 1983 "does not provide any substantive rights at all." Chapman v. Hous. Welfare Rights Org., 441 U.S. 600, 618 (1979). See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)("[T]hat section is not itself a source

of substantive rights."). Rather, § 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. at 144 n.3. To state a § 1983 claim upon which relief can be granted, a plaintiff must allege (i) deprivation of a federal right; and (ii) that the person who deprived that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

    On its face, the Complaint alleges only a deprivation of a "right protected by the Constitution or laws of the United States," Complaint at 6; it does not identify which federal right the Defendants' sexual harassment allegedly violated, see Complaint at 1-6. Nevertheless, construing Mora's pro se Complaint liberally, see Northington v. Jackson, 973 F.2d at 1520-21, Claim I alleges a violation of the Eighth Amendment, "the 'explicit textual source of constitutional protection' . . . in the prison context," Adkins v. Rodriguez, 59 F.3d 1034, 1037 (10th Cir. 1995)(quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). Indeed, in reviewing an inmate's § 1983 action for verbal sexual harassment, in which the inmate "generally invoke[d] the First, Third, Fourth, Fifth, Ninth, and Fourteenth Amendments," the Tenth Circuit construed the claim as "bounded by the Eighth Amendment," because "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Adkins v. Rodriguez, 59 F.3d at 1037 (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993))(internal quotation marks omitted). Accord Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)("[P]risoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards[.]")(citation omitted); Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997)("Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims."). Accordingly, although Mora does not explicitly allege that the Defendants' sexual harassment violated his Eighth Amendment rights, the

Court must nevertheless inquire whether Mora alleges sufficient facts, accepted as true, to state a plausible claim under the Eighth Amendment. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570.

The Court's Eighth Amendment analysis is guided by "contemporary standards of decency," which establish the "minimal standards of providing humane conditions of confinement." Adkins v. Rodriguez, 59 F.3d at 1037 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976))(internal quotation marks omitted). The "unnecessary and wanton infliction of pain" on a prisoner constitutes cruel and unusual punishment in violation of these minimal standards. Whitley v. Albers, 475 U.S. 312, 319 (1986)(citation and internal quotation marks omitted). An official violates the Eighth Amendment when the alleged "punishment" is "objectively 'sufficiently serious,'" Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998)(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and the official has "a sufficiently culpable state of mind," Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." Boddie v. Schnieder, 105 F.3d at 861 (citing Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)). Applying these standards, the Court concludes that Mora's sexual-harassment allegations state a plausible claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

First, Mora alleges an "objectively, sufficiently serious," Adkins v. Rodriguez, 59 F.3d at 1037 (citations and internal quotation marks omitted), deprivation of his Eighth Amendment rights. According to Mora, the Defendants stripped him naked and placed him in a cell with another inmate, at which point the Defendants mocked him and made "graphic sexual innuendos." Complaint at 3. Mora does not detail the sexual comments that the Defendants allegedly made, and it is unlikely that such verbal harassment, on its own, would rise to the level of an Eighth Amendment violation. See, e.g., Adkins v. Rodriguez, 59 F.3d at 1037 (declining to find an Eighth Amendment violation based

on sexual comments such as "you have nice breasts"); Boddie v. Schnieder, 105 F.3d at 861 (finding no violation based on a "small number of incidents" in which officials verbally harassed an inmate). See also Austin v. Terhune, 367 F.3d at 1171 ("[T]he Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.")(citations omitted).  This verbal sexual abuse, however, states a sufficiently serious violation when viewed in conjunction with Mora's allegation that the Defendants "stripped [him] naked" and left him in a cell in that condition for over a week. Complaint at 3, 6.  One of the primary duties that the Eighth Amendment imposes on prison officials is that they "must ensure that inmates receive adequate . . . clothing[.]" Farmer v. Brennan, 511 U.S. at 832 (citations omitted).  See Mitchell v. Maynard, 80 F.3d 1433, 1443 (10th Cir. 1996)(stating "we are troubled" by plaintiff-inmate's "lack of clothing" and concluding that such deprivation could constitute an Eighth Amendment violation); Gregory v. Wyse, 512 F.2d 378, 381 (10th Cir. 1975)(holding that it is cruel and unusual punishment to keep an inmate naked in a cell for twelve days).  Stripping an inmate naked, and then sexually mocking him for over a week, "may violate contemporary standards of decency and can cause severe physical and psychological harm" sufficient to create an Eighth Amendment violation. Boddie v. Schnieder, 105 F.3d at 861 (citations omitted).  Indeed, in the Court's estimation, such actions are "repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. at 9-10 (citations and internal quotation marks omitted). Such actions certainly have "no legitimate penological purpose, and [are] 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" Boddie v. Schnieder, 105 F.3d at 861 (quoting Farmer v. Brennan, 511 U.S. at 834).

Second, Mora's allegations suggest that Owens and Griego had a "culpable state of mind." Farmer v. Brennan, 511 U.S. at 834.  That the Defendants stripped Mora naked and sexually mocked him "for over a week," Complaint at 6, suggests that they deliberately acted to deprive Mora of

adequate clothing and to humiliate him. As these actions have "no legitimate penological purpose," Boddie v. Schnieder, 105 F.3d at 861 (citing Hudson v. McMillian, 503 U.S. at 6-7), it is plausible that Owens and Griego had a sufficiently culpable state of mind to violate Mora's constitutional rights. Thus, Mora states a plausible claim for sexual harassment upon which relief can be granted. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570.

## II.  MORA STATES A PLAUSIBLE CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT.

Claim II alleges that, for "multiple days" during his confinement in Pac 2, Mora was refused a shower, exercise, recreation, and use of the telephone. Complaint at 3. The Complaint contains additional allegations that the Defendants stripped Mora naked, sexually harassed him, and deprived him of medical treatment that he requested. See Complaint at 3, 6. Mora portrays these actions as dehumanizing, embarrassing, and traumatic, and alleges that he was "treated worse than an animal." Complaint at 6. On the Complaint's face, these allegations state a plausible claim for relief under 42 U.S.C. § 1983.

As the Court has already explained, "[i]t is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Adkins v. Rodriguez, 59 F.3d at 1037 (quoting Helling v. McKinney, 509 U.S. at 31)(internal quotation marks omitted). In the context of alleged deprivations of certain necessities, prison officials are liable for violating an inmate's right to humane conditions of confinement where two requirements are met. First, the deprivation alleged must be "objectively, 'sufficiently serious,'" resulting in a denial of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. at 298; Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the officer must exhibit "deliberate indifference to [the] inmate['s] health or safety." Adkins v. Rodriguez, 59 F.3d at 1037 (quoting Farmer v. Brennan, 511 U.S. at 834 (quoting

Wilson v. Seiter, 501 U.S. at 298)). Deliberate indifference requires that the official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Adkins v. Rodriguez, 59 F.3d at 1037 (quoting Farmer v. Brennan, 511 U.S. at 847)(internal quotation marks omitted). Applying a liberal construction to the Complaint, see Northington v. Jackson, 973 F.2d at 1520-21, both requirements are plausibly alleged.

First, that Mora, for "multiple days," was refused access to a shower, exercise, recreation, and the telephone, Complaint at 3, illustrates that he was denied the "minimal civilized measure of life's necessities," Farmer v. Brennan, 511 U.S. at 834 (citations omitted). More important, the Supreme Court has long recognized "the government's obligation to provide medical care for those whom it is punishing by incarceration," because the denial of such care can cause "suffering [which] is inconsistent with contemporary standards of decency . . . ." Estelle v. Gamble, 429 U.S. at 103. Accord Farmer v. Brennan, 511 U.S. at 834 (noting that the Eighth Amendment requires officials to "ensure that inmates receive adequate . . . medical care")(citation omitted). Thus, Mora's allegation that he "asked C. Owens and C. Griego to see the doctor at PSU and was refused," Complaint at 3, states a deprivation of his Eighth Amendment rights, Farmer v. Brennan, 511 U.S. at 834 (citation omitted). Second, that the Defendants refused Mora access to various necessities, as well as access to requested medical attention, see Complaint at 3, demonstrates that they exhibited "deliberate indifference" to Mora's "health or safety," Adkins v. Rodriguez, 59 F.3d at 1037 (citations omitted). Indeed, Mora's need was "obvious"; the Defendants cannot "show that the obvious escaped [them]," Self v. Crum, 439 F.3d 1227, 1231 (10th Cir. 2006)(citations omitted),because Mora expressly asked for medical attention. Accordingly, Mora states a plausible claim for cruel and unusual punishment upon which relief can be granted. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570.

**III.     MORA DOES NOT STATE A PLAUSIBLE CLAIM FOR RETALIATION.**

Claim III alleges that the Defendants retaliated against Mora for "exercising a protected right." Complaint at 3. Claim III alleges, in particular, that the Defendants denied Mora access to requested medical attention as punishment for exercising a protected right. See Complaint at 3. On the Complaint's face, these allegations do not state a plausible claim for relief under 42 U.S.C. § 1983.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." Smith v. Maschner, 899 F.2d 940, 947 (10th Cir.1990). This prohibition "applies even where the action taken in retaliation would be otherwise permissible." See Smith v. Maschner, 899 F.2d at 948. It is well-established that retaliation is "actionable under 42 U.S.C. Section 1983 even if the act, when taken for a different reason, would have been proper." Smith v. Maschner, 899 F.2d at 948 (citing Buise v. Hudkins, 584 F.2d 223, 229 (7th Cir. 1978), cert. denied, 440 U.S. 916 (1979)). See Franco v. Kelly, 854 F.2d 584, 590 (2d Cir.1988); Howland v. Kilquist, 833 F.2d 639, 644 (7th Cir.1987); Adams v. James, 784 F.2d 1077, 1080 (11th Cir. 1986). See also Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283 (1977).

Although Mora contends that he suffered retaliation "for exercising a protected right," Complaint at 3, the Complaint does not identify the protected right that he exercised or allege any facts that would support the exercise of any protected constitutional right. Likewise, the Complaint does not plead any factual allegations as to how the Defendants' conduct was retaliatory. Mora's generalized allegations, in short, are facially insufficient to state a plausible claim for retaliation. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570. Accordingly, the Court will dismiss Claim III.

**IT IS ORDERED** that (i) Claim III (Retaliation) of the Prisoner's Civil Rights Complaint, filed December 23, 2014 (Doc. 14), is dismissed without prejudice to refiling; (ii) Claim I (Sexual

harassment) and Claim II (Cruel and Unusual Punishment) may proceed; and (iii) the Clerk of the Court is directed to issue notice and waiver of service forms, with copies of Mora's Complaint and this Order, to Defendants Sergeant C. Owens and Sergeant C. Griego.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*

Matthew R. Mora
Albuquerque, New Mexico

      *Plaintiff Pro Se*

- 13 -